UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ, | : | |
| *Plaintiff*, | : | |
| | : | CASE NO. 3:25-CV-1611 (KAD) |
| v. | : | |
| | : | |
| JOHN DOE, ET AL., | : | AUGUST 4, 2026 |
| *Defendants*. | : | |

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

Jorge Sanchez ("Plaintiff"), a sentenced inmate at Cheshire Correctional Institution ("Cheshire"), filed his Second Amended Complaint ("SAC") on June 15, 2026, naming as Defendants: (1) a John Doe Lieutenant and (2) a John Doe K-9 Officer. *See* SAC, ECF No. 26. Through the SAC, Plaintiff seeks damages and declaratory relief from these Defendants for allegedly violating his rights under the United States Constitution, during an incident at Cheshire on June 15, 2024. For the reasons that follow, the Court concludes that Plaintiff may **PROCEED** on his Eighth Amendment deliberate indifference to serious medical needs claim against the John Doe Lieutenant, but that all other claims are **DISMISSED**.

**Background**

Plaintiff filed his original Complaint in September 2025. ECF No. 1. The Court thereafter conducted an initial review of that Complaint under 28 U.S.C. § 1915A. *See* IRO, ECF No. 16. After doing so, the Court dismissed the Complaint without prejudice for failure to state a claim upon which relief could be granted. *See id.* at 8. Plaintiff did not file an amended complaint at that time, and instead appealed the Court's IRO. *See* ECF No. 17. On May 5, 2026, the Second Circuit vacated the Court's IRO and remanded the case with instructions to permit Plaintiff "an opportunity to amend his complaint as to the unnamed lieutenant and the unnamed K-9 officer."

*See* ECF No. 20.  On May 6, 2026, in accordance with the Second Circuit's Mandate, the Court reopened this case and permitted Plaintiff to file an Amended Complaint.  ECF No. 21.

Plaintiff has since filed two amended pleadings, including, most recently, the SAC.  *See* Am. Compl., ECF No. 24; SAC, ECF No. 26.  For avoidance of doubt, in assessing the factual basis for Plaintiff's claims, the Court will not consider allegations from either the original Complaint, or the Amended Complaint (ECF No. 24).  *See Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 225 (2d Cir. 2025) ("It is well-established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (cleaned up); *see, e.g.*, *Dinh v. Doe*, No. 3:24-CV-1042 (OAW), 2024 WL 3343006, at *3 (D. Conn. July 9, 2024) (noting that "the court will not consider any allegations made in the original complaint while evaluating any amended complaint").  And because the purpose of an amended complaint is "to clarify or amplify the original cause of action, not add new causes of action," the Court's review of the SAC is limited to whether Plaintiff has pled additional facts that would support previously dismissed claims.  *Castellano v. Trump*, No. 3:17-CV-381 (MPS), 2017 WL 4401451, at *1 (D. Conn. Sept. 29, 2017); *see also Jordan v. Quiros*, No. 3:23-CV-254 (VAB), 2024 WL 3219130, at *4 (D. Conn. June 28, 2024) (refusing to consider plaintiff's "new theories of liability or new claims" in his amended pleading, because it would defy the purpose of amendment).

**Allegations**

The Court does not set forth all of the facts alleged in the SAC.  Instead, it summarizes Plaintiff's basic factual allegations here only to give context to its rulings below.

Plaintiff has a spinal cord condition that limits his mobility.  *See* SAC at 3 ¶ 1.  Plaintiff relies on a four-point cane to walk and must use a wheelchair to travel long distances.  *Id.* at ¶ 4.

On June 15, 2024, Plaintiff was sitting at his "work station" when two nearby inmates began arguing and eventually started fighting. *Id.* at ¶¶ 1–2. Prison staff called a "code," which resulted in officers "rush[ing]" into the unit. *Id.* at ¶ 3. Defendant John Doe K-9 Officer (with his K-9 Dog) was among those officers. *Id.* When the John Doe K-9 Officer ran into the unit with his K-9 Dog, the John Doe K-9 Officer "had no control over the dog[,] almost ripping his head off whith [sic] the choke chain." *Id.* The choke chain was so tight that the K-9 Dog was struggling to breathe. *See id.* The John Doe K-9 Officer and his K-9 Dog "crashed into [Plaintiff]" while Plaintiff was sitting down. *Id.* at ¶ 5. This caused Plaintiff to "twist[]" his left leg and hip. *Id.*

Plaintiff experienced pain and swelling in his hip for the next five days. *Id.* Plaintiff tried to speak to the John Doe Lieutenant "about seeing medical," but the John Doe Lieutenant "didn't want to hear it and just told [Plaintiff] to lock up." *Id.* at 4 ¶ 7. On June 20, 2024, Dr. Williams evaluated Plaintiff's swollen hip and on June 21, 2024, he took x-rays of Plaintiff's hip to "make sure [it] was still intact." *Id.* Plaintiff "[r]ecently" had to exchange his cane for a walker because his hip pain had worsened. *Id.* at ¶ 5. Plaintiff must now sit on milk crates in the shower because he is unable to stand.[1] *Id.*

**Standard of Review**

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–

---

[1] Plaintiff maintains that this amounts to an "ADA violation to the highest degree," and indeed, the SAC does expressly invoke the ADA. Nevertheless, "mere mention of a statutory violation is not sufficient to state a claim for relief under that statutory provision." *Crispin v. Connecticut*, No. 3:23-CV-1636 (SVN), 2024 WL 3860068, at *14 (D. Conn. Aug. 19, 2024). And even to the extent Plaintiff's scant, conclusory allegations regarding his shower accommodations could be construed as asserting an ADA claim, they are otherwise plainly insufficient. *See Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (setting forth elements of a cognizable ADA claim); *see also Dimperio v. New York State Dep't of Corr. & Cmty. Supervision*, No. 13-CV-1010 (DNH), 2015 WL 1383831, at *6 (N.D.N.Y. Mar. 25, 2015), *aff'd*, 653 F. App'x 52 (2d Cir. 2016) ("a request for an accommodation is a prerequisite to liability for failure to accommodate . . .").

(b). In doing so, the Court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In conducting its initial review, a court may consider "relevant records and written correspondences" attached to the complaint. *See Breton v. Lamont*, No. 3:21-CV-719 (SRU), 2021 WL 3726011, at *2 n.3 (D. Conn. Aug. 23, 2021).

**Discussion**

In its first IRO, the Court construed the original Complaint as asserting: (1) an Eighth Amendment claim related to the John Doe K-9 Officer and a John Doe K-9 Dog injuring Plaintiff; and (2) a Fourteenth Amendment due process claim related to the John Doe Lieutenant's refusal to allow Plaintiff to seek medical attention for his injury. *See* IRO at 3. Here, the Court has likewise construed the SAC as asserting constitutional claims against Defendants John Doe K-9 Officer and John Doe Lieutenant, arising from the incident involving the K-9 Dog, and Plaintiff's ensuing failed efforts to seek medical attention.[2] For the reasons set forth below, the Court concludes that the SAC does not plausibly allege an Eighth Amendment claim against the John Doe K-9 Officer, but does sufficiently state an Eighth Amendment claim against the John Doe

---

[2] Though the SAC omits any explicit reference to Section 1983 or the United States Constitution, considering the factual allegations themselves, as well as the Court's obligation to construe Plaintiff's allegations to "raise the strongest arguments [they] suggest[]," *see Abbas*, 480 F.3d at 639, the Court has construed the SAC as principally asserting Section 1983 claims.

Lieutenant.

    <u>John Doe K-9 Officer</u>

In his original Complaint, Plaintiff alleged that "the K-9 officer came running into the unit holding the dog and yanking the choke chain[,] almost ripping the dog[']s head off." *See* ECF No. 1-1. Nevertheless, on initial review, the Court concluded that even if the John Doe K-9 Officer arguably posed an unreasonable risk of serious damage to Plaintiff's future health by improperly handling the K-9 Dog when running into the unit, Plaintiff did not allege sufficient facts to satisfy the subjective component of any Eighth Amendment claim. *See* IRO at 4. The Court reached this conclusion because it could not infer from Plaintiff's allegations that the John Doe K-9 Officer "kn[e]w of, and disregard[ed], an *excessive* risk to [Plaintiff's] health or safety" from the K-9 Dog, even if, thereafter, the K-9 Dog injured Plaintiff. *Id.* (quoting *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)). At most, Plaintiff had alleged that the John Doe K-9 Officer negligently handled the K-9 Dog while responding to the unit; and it is well-settled that "deliberate indifference requires more than mere negligence." *Jabbar*, 683 F.3d at 57 (internal quotation marks omitted). Accordingly, the Court dismissed Plaintiff's Eighth Amendment claim against the John Doe K-9 Officer and the John Doe K-9 Dog. *See* IRO at 4.

Turning to the SAC, Plaintiff now alleges that when the John Doe K-9 Officer "ran into the unit, [he] had no control over the dog[,] almost ripping his head off whith [sic] the choke chain." SAC at 3 ¶ 3. But Plaintiff's new assertion that the John Doe K-9 Officer lacked control over the K-9 Dog is seemingly at odds not only with his original allegation that the John Doe K-9 Officer was "holding the dog," but also with his allegations, set forth in both the SAC *and* the original Complaint, that the John Doe K-9 Officer almost ripped the K-9 Dog's head off by pulling on the its choke chain. In fact, the SAC describes the K-9 Dog's choke chain as being so tight

that the dog was struggling to breathe. *See* SAC at 3 ¶ 3. The Court need not accept as true Plaintiff's conclusory allegations as to the John Doe K-9 Officer's control of the K-9 Dog (or lack thereof). *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015)). Moreover, as was the case with his original Complaint, Plaintiff's non-conclusory allegations regarding the choke chain suggest that the John Doe K-9 Officer entered the unit while tightly restraining the K-9 Dog. Put differently, it is simply implausible that the John Doe K-9 Officer, in tightly (though apparently not entirely) restraining the K-9 Dog (*i.e.*, ostensibly trying to *prevent* any injuries to inmates), was consciously disregarding an "*excessive* risk to [Plaintiff's] health or safety" from the K-9 Dog. *See Jabbar*, 683 F.3d at 57 (emphasis added). Accordingly, Plaintiff's purported Eighth Amendment claim fails for the same reasons as set forth in the original IRO, and must be **DISMISSED**. *See* IRO at 4.

John Doe Lieutenant

In the original IRO, the Court recognized the Complaint as purporting to allege a Fourteenth Amendment due process claim arising from the John Doe Lieutenant's refusal to allow Plaintiff to seek medical attention for his injury. *See* IRO at 3. But because the Eighth Amendment provides an explicit textual source of constitutional protection against a prison official's refusal to allow a sentenced inmate to seek medical care, the Court liberally construed Plaintiff's claim against the John Doe Lieutenant as an Eighth Amendment deliberate indifference to serious medical needs claim. *See id.* at 5–6. From there, the Court concluded that Plaintiff's allegations in the original Complaint did not satisfy the objective component of any such Eighth Amendment claim because Plaintiff's dislocated hip was incapable of "produc[ing] death, degeneration, or extreme pain." *See* IRO at 6–7 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). The Court also concluded that the five-day delay in treatment was not "sufficiently serious," such

6

that the delay in treatment could satisfy the objective component. *See* IRO at 7–8 (citing *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003)). Accordingly, the Court dismissed this claim against the John Doe Lieutenant. *See id.* at 8.

As to the SAC, Plaintiff does not allege, as he did in the original Complaint, that his hip was "dislocated." *See* Compl. at ¶ 9. Instead, he now alleges that his hip was merely "in pain and swollen for the next 5 days after that hit." SAC at ¶ 5. However, Plaintiff additionally alleges that his hip pain worsened such that he had to exchange his cane for a walker. *Id.* Plaintiff's hip pain is now severe enough that he must sit on milk crates in the shower because he is unable to stand. *Id.* These new allegations describing the deterioration of Plaintiff's hip condition since the original injury sufficiently suggest "degeneration" or "extreme pain," in satisfaction of the objective component to his Eighth Amendment claim. *Hathaway*, 99 F.3d at 553. And likewise, Plaintiff's allegation that he tried to speak to the John Doe Lieutenant "about seeing medical," but that the John Doe Lieutenant "didn't want to hear it and just told [Plaintiff] to lock up," SAC at ¶ 7, is sufficient to satisfy the subjective component. *See*, *e.g.*, *Jones v. Alicea*, No. 3:22-CV-1154 (SVN), 2022 WL 16553222, at *3 (D. Conn. Oct. 31, 2022) (allegations that "[d]efendant observed [plaintiff] in an obvious state of distress and refused to alert other officials to [p]laintiff's need for medical assistance" satisfied subjective component). Thus, insofar as the SAC plausibly alleges both components of an Eighth Amendment deliberate indifference to serious medical needs claim, the SAC may proceed on such claim against John Doe Lieutenant.

**Conclusion**

In light of all of the foregoing, the SAC may **PROCEED** on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim for damages against the John Doe

Lieutenant.  All other claims are **DISMISSED**.[3]  The Clerk of Court is respectfully directed to terminate Defendant John Doe K-9 Officer.

The Clerk cannot serve the John Doe Lieutenant without this Defendant's full name and current work address.  Thus, Plaintiff is directed to obtain this information for this Defendant and to file a Notice containing the information with the Court within **30 days** of this Initial Review Order.[4]  Once this Defendant has been identified, the Court will order that he be served with a copy of the SAC and will set further deadlines.  Failure to identify this Defendant within 30 days will result in the dismissal of all claims against John Doe Lieutenant, and thereby, the dismissal of this case in its entirety.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of August 2026.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[3]  This includes Plaintiff's request for declaratory relief.  *See* SAC at 6.  Plaintiff seeks a declaration that "the acts and omissions described herein violated [P]laintiff's rights under the Constitution and law of the United States[.]"  *Id*.  But if Plaintiff "were to prevail on any constitutional claim proceeding in this action, a judgment in his favor would serve the same purpose as a declaration that Defendants violated his constitutional rights."  *Petion v. Pearson*, No. 3:22-CV-1647 (OAW), 2023 WL 6050054, at *4 (D. Conn. Sept. 15, 2023).  Accordingly, Plaintiff's request for declaratory relief is dismissed.  *See Pennyman v. Caruso*, No. 3:26-CV-147 (SVN), 2026 WL 1786429, at *4 (D. Conn. June 22, 2026) (citing *Petion* to conclude that "dismissal of Plaintiff's declaratory judgment request is warranted because the declaratory relief he seeks is duplicative of his other causes of action").

[4]  Plaintiff claims that he has "repeatedly" attempted to obtain the names of Defendants without success.  *See* SAC at 4 ¶ 9.  If Plaintiff is unable to obtain the name of the John Doe Lieutenant within the next 30 days, he may seek the Court's assistance in identifying this Defendant under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), by filing a Notice describing his efforts to learn the identity of this individual.  However, Plaintiff should be aware that the Court's assistance is limited to requesting the DOC to provide the identification of the Defendant.  Thus, Plaintiff must provide enough detail about the John Doe Lieutenant for the DOC to be able to identify him.  At present, the only readily available information is that the John Doe Lieutenant was working at Cheshire on June 15, 2024, and was one of the officers that responded to the "code" when the fight between inmates occurred.  This may or may not be sufficient information to identify the John Doe Lieutenant.